IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE A. KRUEGER, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DR. ALFONSO DAVID, DENISE ARCHIONE, KASANDRA FREEMAN, and WEXFORD HEALTH SOURCES, INC.,<br><br>    Defendants. | Case No. 23-cv-3023-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff George A. Krueger, Jr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On September 6, 2023, Krueger filed his Complaint (Doc. 1) alleging deliberate indifference in the treatment of his shoulder. On October 3, 2023, Krueger filed a "Supplemental Complaint" (Doc. 12). The Court does not usually accept "supplemental complaints" as a pleading must be able to stand on its own without reference to any other pleading. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) ("amended complaint supersedes an original complaint and renders the original complaint void"). But because Krueger's "Supplemental Complaint" includes both his original and new allegations, the Court will treat the filing as an Amended Complaint.

1

In the Amended Complaint (Doc. 12), Krueger alleges Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Krueger makes the following allegations: In May 2021, while incarcerated at Centralia Correctional Center, Krueger began experiencing shoulder pain, making it difficult to lift his arms up (Doc. 12, p. 6). He received x-rays on June 19, 2021, but was subsequently transferred to Shawnee Correctional Center. Upon arrival at Shawnee, Dr. Alfonso David canceled Krueger's prescribed medications and gave him "weaker" medications including Acetaminophen and Diclofenac, which did not help his pain. In response to Krueger confronting Dr. David about his pain, Dr. David told Krueger that there was nothing that could be done for his shoulders, his condition was merely the result of old age, and Krueger needed to exercise and lose weight (*Id.* at p. 7). Krueger argued with Dr. David. Dr. David eventually filled his prescriptions but informed Krueger that he would not see him again (*Id.*).

Krueger alleges that he did take Dr. David's advice and started exercising. He also lost 30 pounds, but his shoulder pain worsened (*Id*.). He received several x-rays, but his requests for an MRI were denied (*Id*.). Krueger believes Dr. David refused his request for an MRI to save money and receive a bonus from Wexford Health Sources, Inc. (*Id*. at p. 8). Dr. David also canceled all follow-ups with Krueger.

On December 2, 2022, Krueger learned that Nurse Practitioner ("NP") Alexandria Brown had submitted him for a medical consultation two months earlier, in October 2022 (*Id*. at p. 8). The Shawnee medical records department informed Krueger that he was on a wait list for an orthopedic consultation (*Id*. at p. 9). Krueger later received a memorandum from Dr. David indicating that he was submitting Krueger for an orthopedic consult due to x-rays showing degenerative changes (*Id*.). Krueger believes Dr. David tried to cover his deliberate indifference and lied because the x-rays never showed his condition, a torn rotator cuff.

On February 28, 2023, Krueger received an MRI of his right shoulder and spoke with an orthopedic surgeon. The surgeon informed Krueger that he had several torn ligaments. He also informed Krueger that his injury would be difficult to repair due to the passage of time from his initial injury (*Id*. at pp. 9-10). Upon return from the orthopedic consult, Krueger was scheduled for a follow-up with Dr. David, but Dr. David canceled the appointment and never rescheduled it (*Id*. at p. 10). On May 26, 2023, Krueger was approved for an orthopedic consultation for his right knee but, as of August 20, 2023, the appointment had not been scheduled (*Id*.).

On June 11, 2023, Krueger saw a nurse for pain medication and a bottom bunk permit (*Id.* at pp. 10-11). He asked the nurse about the status of his rotator cuff surgery. The nurse referenced a note from the medical records department asking NP Brown to resubmit the request because they could not read her handwriting (*Id.* at p. 11). He later learned from NP Brown that she had previously typed out the order along with the written request and there should not have been an issue with the medical records department (*Id.*).

On July 3, 2023, while exercising, Krueger's right shoulder "went out" and he felt it dislocate and a ripping in the tendons (*Id.* at p. 12). While in the healthcare unit, Krueger learned that Denise Archione was in charge of scheduling his surgery but had failed to set up the appointment. Finally, a week later, he received notice that his surgery was scheduled, which Krueger contends was a lie because the medical records indicated that Archione did not call the orthopedic surgeon until July 14, 2023, and the surgeon was out of the office until July 17, 2023 (*Id.* at pp. 12-13). Krueger alleges that Archione's failure to timely schedule his surgery left him in pain for months (*Id.* at p. 13).

On August 7, 2023, Krueger had his rotator cuff surgery (*Id.* at p. 13). The surgeon indicated that he might not be able to repair all of the ligaments due to the passage of time (*Id.*). But the surgeon was ultimately able to repair his rotator cuff, and Krueger was transferred back to Shawnee for observation (*Id.* at p. 15). On August 8, 2023, he requested instructions on how to care for his shoulder during the healing process, but Dr. David ignored his requests and stated that he would talk to him at a follow-up appointment in

a couple of days (*Id*. at pp. 15-16). Krueger was sent back to his housing unit. Dr. David subsequently canceled his call passes for a follow-up on two occasions (*Id*. at p. 16).

Krueger later reviewed his medical records and learned that Nurse Kasandra Freeman placed an entry in the records stating Krueger had been seen by Dr. David on August 8, 2023, right after surgery (*Id*. at p. 20). Krueger contends these entries were false because Dr. David refused to speak with him on that date. On August 18, 2023, Krueger saw Nurse Joey who informed him that Dr. David was "really messed up" and "not right" (*Id*. at pp. 17-18). Nurse Joey submitted a request for Krueger to see the nurse practitioner, but he never received an appointment (*Id*.). Krueger continued to experience extreme pain from his surgery; he never received any follow-up instructions for his surgical repair (*Id*. at p. 19).

On August 22, 2023, Krueger went to the healthcare unit on a medical request slip to inquire about a surgical follow-up (*Id*. at p. 20). Nurse Freeman canceled the request, stating that Dr. David had already seen Krueger (*Id*.). Krueger contends her false statements delayed his access to medical care (*Id*.). On August 30, 2023, Krueger saw NP Sharp and was informed that he was scheduled for a follow-up with his surgeon on August 31, 2023 (*Id*. at p. 19). Sharp also submitted a request for an MRI of Krueger's left shoulder (*Id*.).

## Preliminary Dismissals

Although Krueger lists Wexford Health Sources, Inc. in the caption of his Amended Complaint, he fails to include any allegations against Wexford in his statement of claim. He only alleges that he believes Dr. David refused his request for an MRI

5

because he would receive a bonus from Wexford for saving money (Doc. 12, p. 8). But there are no allegations to suggest that Wexford had a policy or practice of recommending cheaper diagnostics. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Wexford can only be liable if it had an unconstitutional policy or custom, and Krueger fails to point to such a policy. Krueger only alleges unconstitutional actions by Dr. David but fails to allege that his actions were taken pursuant to a Wexford policy or practice. Thus, Wexford Health Sources, Inc. is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, Krueger states the following claim:

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Alfonso David, Nurse Kassandra Freeman, and Denise Archione for delaying treatment for Krueger's injured shoulders and knee.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Krueger states a viable deliberate indifference claim against Dr. David, Nurse Freeman, and Denise Archione. He alleges that the actions of each defendant delayed surgery and other care for his injured shoulders and knee. He alleges that Dr. David refused to see him on numerous occasions, refused to provide him with adequate pain medications, and refused to refer him for an MRI or surgical consult. He alleges that Nurse Freeman participated in that refusal by misstating in the medical records that he had been seen by Dr. David and denying further follow-up appointments. Finally, he alleges that Denise Archione failed to timely schedule his rotator cuff surgery, delaying his surgical repair. That is enough at this stage to state a viable Eighth Amendment claim.

## Preliminary Injunction Motion

In addition to his Amended Complaint (Doc. 12), Krueger filed a motion for preliminary injunction (Doc. 11). He seeks an MRI for his left shoulder, as well as additional care and treatment for his right shoulder (Doc. 11, pp. 3-4). A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and

(3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Simply put, Krueger fails to adequately demonstrate a reasonable likelihood of success on the merits because he fails to provide any information about his current care. His motion focuses only on Defendants' delays in scheduling his original surgery and in obtaining an MRI for his left shoulder. But he clearly alleges in his Amended Complaint that he received surgery on his right shoulder. Further, his Amended Complaint indicates that he was scheduled for a follow-up with the surgeon on August 31, 2023, and that he received a referral for an MRI of his left shoulder (Doc. 12, p. 19). There is no indication in his motion as to the current state of his care. Nor does he indicate whether he attended the scheduled follow-up appointment. Because Krueger focuses only on his past care, there is nothing in the record to suggest that Defendants are currently being deliberately indifferent to his shoulder pain. Thus, the Court **DENIES** Krueger's motion for preliminary injunction at this time. Krueger is free to submit another motion with information regarding the current state of his medical care.

## Motion for Counsel

As to Krueger's motion for counsel (Doc. 3), Krueger indicates that he has sought counsel on his own and that he needs counsel due to a learning disability and mental illness. Given the early stage of the litigation process, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged."). Defendants have yet to be served, and there

8

is nothing pending that would require a response from Krueger. Further, based on Krueger's filings, the Court finds him capable of submitting a motion for preliminary injunction if he chooses to continue to seek injunctive relief. Thus, his motion for counsel is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. David, Nurse Freeman, and Denise Archione. Wexford Health Sources, Inc., is **DISMISSED without prejudice** for Krueger's failure to state a claim. Krueger's motion for preliminary injunction (Doc. 11) and motion for counsel (Doc. 3) are **DENIED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Alfonso David, Nurse Kasandra Freeman, and Denise Archione: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Krueger. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Krueger, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. §1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Krueger, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Krueger is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 5, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so. c**