IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE KRUEGER, JR., #R01396 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-3023-RJD |
| v. ) | |
| ) | |
| ALFONSO DAVID, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on multiple motions filed by Plaintiff. Plaintiff is currently incarcerated at Shawnee Correctional Center ("Shawnee") and filed this lawsuit pro se pursuant to 42 U.S.C. §1983, alleging that Defendants Alfonso David, Denise Archione, and Kassandra Freeman were deliberately indifferent to his injured shoulders and knee at Shawnee Correctional Center. Doc. 12. Plaintiff proceeds on one Eighth Amendment claim against all Defendants. Doc. 13.

Plaintiff filed a Motion for Leave to Amend his Complaint on October 25, 2023[1] that is now MOOT because he filed a subsequent Motion for Leave to Amend his Complaint on January 16, 2024. Docs. 15 and 28. The most recent proposed amended complaint includes a new claim against Wexford Health Sources, Inc ("Wexford"). Doc. 28-1. Plaintiff alleges that Wexford-a private company who contracts with the Illinois Department of Corrections to provide medical

---

[1] Thirteen days after the Motion was filed, Plaintiff filed a "Motion for Status" in which he asked if his "motions and amended complaint" were accepted." Doc. 17. This motion is likewise moot.

care to inmates-has a policy of denying inmates (including Plaintiff) appropriate medical care to save money. Plaintiff alleges that this policy caused Defendants David, Freeman, and Archione to treat his serious medical needs with deliberate indifference; his allegations include specific facts reflecting that Defendants delayed his appointments and procedures with off-site surgical specialists. Doc. 28-1, pp. 29-30. These allegations adequately state a claim against Wexford for violating Plaintiff's Eighth Amendment rights. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021) (internal citations omitted).

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); see also *Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (*quoting Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). The Court may deny a party leave to amend if the proposed pleading is or futile. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Having found that none of the claims in Plaintiff's proposed Fourth Amended Complaint are futile, and noting that Defendants have no objection, Plaintiff's Motion (Doc. 28) is GRANTED. The Clerk of Court is directed to file Plaintiff's most recent proposed amended complaint (Doc. 28-1) as the Second Amended Complaint.

Plaintiff then filed two motions (Docs. 22 and 25), explaining that the law librarian was on vacation and the Shawnee library was not staffed in his/her absence; he asked that the Court send

him all "responses" filed from October 10, 2023 through November 13, 2023 and also specifically the documents filed at ECF Nos. 15, 16, 17, and 20.  Documents 15 and 17 were motions field by Plaintiff.  Document 16 consists of Waivers of service executed by Defendants Archione, David, and Freeman, which the Court already sent to Plaintiff.  Document 20 was a consent to the undersigned conducted all proceedings in this case; Plaintiff then received notification of that consent.  Doc. 21.  From October 10, 2023 through November 13, 2023, there were no other documents or entries made in this case other than an Entry of Appearance filed by counsel for Defendants, which the Court presumes Plaintiff received because he also received Defendants' Answer.  Docs. 26, 33.  Because the record reflects that Plaintiff did not miss any orders or entries during the time that the law library was understaffed, Plaintiff's Motions for Copies (Docs. 22 and 25) are DENIED.

      Plaintiff then filed four Motions for Status in which he asked the Court to rule on his Motion for Leave to file Amended Complaint, and asked whether he should file a response to Defendants' affirmative defenses.  Docs. 29, 30, 34, and 35.  Plaintiff is advised that he should not file a response to Defendants' affirmative defenses unless the Court orders one, but notes that he has already filed a Response.  Fed. R. Civ. P. 7(a); Doc. 33.  Plaintiff's Motions for Status are granted to the extent that the instant order resolves his Motion for Leave.

      However, in addition to filing the Motions for Status in which he requested that the undersigned rule on his Motions for Leave, Plaintiff has repeatedly called Court employees over the last two weeks, demanding that the undersigned rule on his motions.  It is neither helpful nor advisable for litigants to flood the Court with demands for the Court to take specific action.  The Court rules on motions as soon as practicable, considering when the motions were filed, the procedural posture of these case, the urgency of the issues presented as compared to other pending

cases and motions, and the undersigned's civil trial docket.  In some instances, filing multiple motions asking the Court to rule on previously filed motions only delays progression of the case, as Court resources must be expended on the requests to rule on pending motions.

Plaintiff is further advised that the Court will not tolerate harassment of Court employees.  Plaintiff's repeated phone calls-with no other purpose other than to demand the undersigned rule on his motions-are nearing the level of harassment.

Within his most recently filed motions, Plaintiff asks the undersigned to be recused from this case.  Docs. 36 and 38.  Plaintiff addressed the motions to Chief Judge Rosenstengel, but requests for recusal should be considered by "the judge who is the object of the motion." *Martin-Trigona v. Gouletas*, 634 F. 2d 354, 355 n. 1 (7th Cir. 1980) (citing 28 U.S.C. §455). *See also Liteky v. United States*, 510 U.S. 540, 548 (1994) (noting that Section 455 "place [s] the obligation to identify the existence of [grounds for recusal] upon the judge himself"). Thus, it is appropriate for the undersigned to rule on Plaintiff's Motions, which do not contain a sufficient basis for recusal.  *See* 28 U.S.C. § 144; 28 U.S.C. § 455 (a), (b).  Plaintiff believes that the undersigned should have ruled on his motions sooner but does not assert a set of facts supporting a conclusion of bias or personal prejudice.  *Liteky*, 510 U.S. at 555.   Plaintiff's Motions for Recusal (Docs. 36 and 38) are therefore DENIED.

Plaintiff also asks the Court to issue a writ for him to testify in Court.   Docs. 37 and 39. No hearings are currently scheduled and therefore these requests are DENIED.

Finally, Plaintiff has requested that the Court recruit counsel for him.  Doc. 24.   There is no constitutional or statutory right to counsel in civil cases.  *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020).   The Court may recruit counsel for litigants who proceed in forma pauperis. 28 U.S.C. §1915(e)(1).   Once an indigent plaintiff makes a reasonable effort to find counsel on

his own, the Court may recruit an attorney for him if "the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (*quoting Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). Plaintiff has demonstrated that he tried to obtain counsel to represent him in this matter, but was unsuccessful. Doc. 24, pp. 13-19. However, the record reflects that Plaintiff is capable of coherently explaining the events at issue and making legal arguments. *See, e.g.*, Doc. 33. Defendants raised the issue of administrative remedy exhaustion, which is not particularly complex and simply requires Plaintiff to explain the steps he took to complete the grievance process. Therefore, Plaintiff's Motion for Recruitment of Counsel (Doc. 24) is DENIED without prejudice.

Once the issue of administrative remedy exhaustion is resolved, Plaintiff may renew his request for recruitment of counsel. The Court notes that Plaintiff's initial Motion to proceed in forma pauperis was denied. Doc. 6. Any renewed requests for counsel should be accompanied by a renewed application to proceed in forma pauperis.

**IT IS SO ORDERED.**

**DATED:   May 15, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**