IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE A. KRUEGER, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 23-cv-3023-RJD |
| | ) |
| DR. ALFONSO DAVID, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

On May 10, 2024, the Seventh Circuit Court of Appeals received a letter from Plaintiff that pertained to this case. Krueger, Jr. v. Daly, Seventh Circuit Court of Appeals Case No. 24-1820, Doc. 1. The letter was dated May 3, 2024 and addressed to the Clerk of Court for the Seventh Circuit Court of Appeals. *Id*. Within the letter, Plaintiff describes his complaints with the way the undersigned has handled this case. *Id*. Plaintiff ends the letter with "Please respond back." The Seventh Circuit Court of Appeals construed the letter as a Petition for Writ of Mandamus and notified this Court. Doc. 40-2.

On May 15, 2024, Plaintiff sent a letter to this Court that states:

> Today I just received a notice stating that I supposedly filed for a writ of mandamus with the USCA. There must be some kind of mistake because I never attempted to file or requested to file a writ of mandamus at all in any way. At the same time other document responses from the Court of several other filings which didn't mention anything about this writ of mandamus. So please cancel this writ of mandamus because I don't even have any need for it at all. This had to be some sort of mistake by the Court clerk. <u>Please respond back letting me know my civil case is okay</u>.

Doc. 47.

On May 22, 2024, Plaintiff filed a Motion (Doc. 48) in this Court that contained similar

statements:

> Now comes Plaintiff, George Krueger, Jr. to request that the Court corrects a mistake created by the U.S. District Court Clerk, Monica. A. Stump when she docketed a writ of mandamus appeal in the Seventh Circuit...Plaintiff request[s] the following: For the Court to direct the U.S. District Court Clerk rep. Monica A. Stump to retract and dismiss this writ of mandamus appeal and inform the U.S. Court of Appeals Seventh Circuit to dismiss and retract this error.

Neither Plaintiff's letter nor his Motion mention that he wrote a letter to the Seventh Circuit Court of Appeals. To the extent Plaintiff is not already aware, Federal Rule of Civil Procedure 11 applies to him as a pro se party. Every time he files a document with this Court, he is certifying that to the best of his belief the statements in the document are not being presented for any improper purpose and are supported by facts. Fed. R. Civ. P. 11(b). While Plaintiff may not have intended for the letter addressed to the Seventh Circuit Court of Appeals to be construed as a Petition for Writ of Mandamus, he at least knows that he requested the Appeals Court to take some type of action in this case. The statements Plaintiff made to this Court at Documents 47 and 48 ("a mistake created by the U.S. District Court Clerk") are at best, disingenuous; at worst, his motion (Doc. 48) is frivolous. Plaintiff should consider this Order a warning that making false statements to the Court is sanctionable. Fed. R. Civ. P. 11(c).

Plaintiff's request that the Seventh Circuit take action in this case-and not a "mistake" by a staff member of the District Court of the Southern District of Illinois-appears to be what prompted the Seventh Circuit Court of Appeals to open a case. While the undersigned does not speak on behalf of the Court of Appeals, Plaintiff is advised that Courts liberally construe documents by pro se litigants. *Erickson v. Pardus*, 551 U.S. 94 (2007).

Plaintiff's "Motion Requesting the Court to Correct Mistake made by the U.S. District Court Clerk" (Doc. 48) is **DENIED**. On a related note, and regarding Plaintiff's letters, Plaintiff is further advised that his case is one of approximately 1400 civil cases currently pending in this Court. The

Clerk's office cannot write letters to Plaintiff, assuring him that his "civil case is okay." As the undersigned explained to Plaintiff last week, requests to assure Plaintiff that his case is still pending (or repeated requests for the Court to rule on motions) delay progression of this or other cases, as Court resources must be expended on those requests. Months may pass before any rulings or notices are issued by this Court in a case.

**IT IS SO ORDERED.**

**DATED: May 23, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**