IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE A. KRUEGER, JR., | ) |
|     Plaintiff, | ) |
| v. | ) No. 23-cv-3023-RJD |
| DR. ALFONSO DAVID, DENISE ARCHIONE, KASANDRA FREEMAN, and WEXFORD HEALTH SOURCES, INC., | ) |
|     Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. He alleges that his Eighth Amendment rights were violated at Shawnee Correctional Center ("Shawnee") because Defendants David, Archione, Freeman, and Wexford Health Sources, Inc. were deliberately indifferent to his injured shoulders and knee. Doc. 13. Plaintiff proceeds on one Eighth Amendment claim against all defendants. *Id*.

This matter comes before the Court on the Motions for Summary Judgment filed by Defendants Freeman, Archione, and Wexford Health Sources, Inc. ("Wexford") regarding the issue of administrative remedy exhaustion. Docs. 65-67, 73-75. Plaintiff filed Responses. Docs. 77 and 78. As explained further, Defendant Freeman's Motion is GRANTED and the Motion by Defendants Wexford and Archione is DENIED.

Also pending before the Court are various motions filed by Plaintiff, including a Motion to Recruit Counsel (which is granted).

### I. Motions for Summary Judgment on the Issue of Administrative Remedy Exhaustion

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent

2

complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).  However, an inmate is only required to exhaust the administrative remedies that are available to him.  *Lewis v. Washington,* 300 F.3d 829,833 (7th Cir. 2002).

Defendant Freeman moves for summary judgment, contending that Plaintiff failed to exhaust his administrative remedies against her prior to filing suit.  Defendants Wexford and Archione move for partial summary judgment on Plaintiff's claim against them, contending that he failed to exhaust his administrative remedies against them regarding medical treatment for his knee.

**Kassonndra Freeman[1]**

Plaintiff alleges that Nurse Freeman refused to see Plaintiff on August 22, 2023 and altered his medical chart so that the records inaccurately showed that he was seen on August 8, 2023.  Doc. 42, p. 24.  Plaintiff filed this lawsuit on September 6, 2023.  Doc. 1.  On September 18, 2023, he submitted grievance #2023-9-207 at Shawnee regarding Nurse Freeman denying him medical attention and allegedly falsifying his medical records.  Doc. 74-1, p. 30; Doc. 77, ¶8.  Plaintiff filed an Amended Complaint on October 3, 2023, including his claim against Nurse Freeman.  Doc. 12.  The ARB ruled on grievance #2023-9-207 on January 17, 2024.  Doc. 74-1, p. 28.  Because Plaintiff did not fully exhaust his administrative remedies against Nurse Freeman until after he had already filed suit against her, Defendant Freeman's Motion for Summary Judgment (Doc. 65) is GRANTED and Plaintiff's claim against Nurse Freeman is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is directed to enter judgment accordingly at the close of the case.

**Denise Archione**

On June 2, 2023, Plaintiff submitted grievance #2023-6-09 regarding the failure of an

---

[1] The Clerk of Court is directed to update the docket to reflect that Defendant Freeman's correct name is Kassondra Freeman.

3

individual named "Sarah Montgomery" to schedule Plaintiff for a consultation with an orthopedic specialist regarding his knee. Doc. 74-1, p. 36. In a response dated August 23, 2023, Plaintiff's counselor informed him "your ortho appointment for your right knee has been scheduled." *Id*., p. 37. The counselor's response is dated August 23, 2023. *Id*. The grievance was denied by the Warden on September 5, 2023 and by the ARB on January 2, 2024.

In the meantime, Plaintiff submitted another grievance (#2023-6-19) regarding Sarah Montgomery's refusal to schedule an MRI scan of his knee and shoulder surgery on June 22, 2023. Doc. 74-2, pp. 42, 43. On July 3, 2023, his counselor responded by stating "S. Montgomery does not work in the records department, nor is she scheduling appointments." *Id*. That same day, Plaintiff submitted grievance #2023-7-14 to his counselor, clarifying that it was Defendant Archione who was supposed to (but was refusing to) schedule his treatment. *Id*., p. 40. His counselor wrote "no response this is a duplicate to 2023-7-25" to which Plaintiff handwrote "there is no 2023-7-25." *Id*. The grievance officer and warden at Shawnee determined the June 22 and July 3, 2023 grievances were "MIXED ACTION…Surgery scheduling issue has been addressed [by these grievances] and will not be addressed further." *Id*., p. 39. Plaintiff appealed to the ARB, who returned both grievances to Plaintiff on August 12, 2023, stating "it is inappropriate to file a new grievance on an already filed grievance." *Id*., p. 38.

Defendant Archione contends that Plaintiff "never grieved about her delaying treatment for his knee." Plaintiff's grievance records do not support this argument. Though Plaintiff did not receive a response from the ARB to grievance #2023-6-09 until after he had filed suit, he received a favorable response (that the consultation for his knee had been scheduled) on August 23, 2023 and therefore was not required to take further action on this grievance prior to filing suit. *See Thornton v. Snyder*, 428 F.3d 690, 696 (7th Cir. 2005).

Moreover, while Plaintiff did not know that it was Denise Archione (instead of Sarah

4

Montgomery) who was refusing to schedule his treatment when he wrote grievance #2023-6-09, the prison regulations only required him to submit as much information as he knew. Once he learned that the alleged delay in scheduling was allegedly caused by Denise Archione, he attempted to fully exhaust grievances #2023-6-199 and #2023-7-14 that identified her; grievance #2023-7-14 also identified the delay in treatment for his knee. In response, the ARB returned his grievances prior to Plaintiff's filing of this lawsuit, instructing him that it was "inappropriate" to file a new grievance on an already filed grievance. The Court is unaware of any authority that indicates Plaintiff should have waited for the ARB's January 2024 response to the grievance that misidentified "Sarah Montgomery" before he could file suit against Denise Archione. Accordingly, Defendant Archione's Motion for Summary Judgment is DENIED.

**Wexford Health Sources, Inc.**

Wexford concedes that some of Plaintiff's fully exhausted grievances identify Dr. David's alleged efforts to save Wexford money by denying Plaintiff treatment for his shoulder, but contends that Plaintiff did not exhaust his administrative remedies against Wexford regarding his knee. In 2021, Plaintiff fully exhausted a grievance in which he wrote that he needed an MRI of his shoulders and that his Eighth Amendment rights had been "continuously" violated by Wexford staff "perpetually and purposefully" denying inmates medically necessary treatment to save Wexford money. Doc. 74-4, pp. 13-19. In his Second Amended Complaint, Plaintiff alleges that Nurse Practitioner Alexandria Brown "agreed" with Plaintiff that he should have magnetic resonance imaging on his knee in or around December 2022. Plaintiff then alleges that Defendant Archione subsequently refused to schedule off-site treatment for his knee. Doc. 42, pp. 3, 4, 12.

The Wexford custom that Plaintiff identified in the fully exhausted 2021 grievance-denying inmates medically necessary treatment to save money-is the same custom that Plaintiff attributes to the lack of treatment for his knee. Nothing Plaintiff wrote in the 2021 grievance suggests to the

5

reader that the alleged Wexford custom only pertained to shoulder injuries; to the contrary, Plaintiff wrote that the custom applied to "medical treatment" generally and was ongoing. In 2023 grievances, Plaintiff wrote that he was denied off-site treatment specifically for his knee. Doc. 74-1, pp. 36, 37; Doc. 74-2, pp. 38-43. Plaintiff's fully exhausted grievances sufficiently placed prison officials on notice of the allegations in this lawsuit and it "belies reason to suggest that prison administrators" were unaware of the entity that arranged Plaintiff's off-site medical treatment. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Wexford's Motion for Summary Judgment is DENIED.

**Motions to Proceed In Forma Pauperis and for Recruitment of Counsel**

Plaintiff filed two motions to proceed in forma pauperis, both accompanied by a copy of his prison trust fund statement. Docs. 63 and 69. The Court is satisfied that Plaintiff is indigent for purposes of determining whether to recruit counsel for him.

There is no statutory or constitutional right to counsel in a civil case. However, this Court may recruit an attorney to represent a litigant who cannot afford counsel. 28 U.S.C. §1915(e). When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff unsuccessfully attempted to obtain representation in this case. Doc. 68, pp. 48-60. While Plaintiff exhibited the ability to represent himself through the exhaustion stage, the issues Plaintiff must now litigate (in particular, whether earlier or specific treatment for his shoulders and/or knees would have made a difference in his outcome) are complex enough to warrant recruitment of counsel.

Therefore, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.8 and 83.9(b), Attorney Cameron Liljestrand of the firm Lewis Brisbois is **ASSIGNED** to represent Plaintiff George Krueger in this civil rights case. On or before March 7, 2025, assigned counsel shall enter his appearance in this case. Attorney Liljestrand is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that another attorney may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Liljestrand. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(b)(4). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be

made within 30 days from the entry of judgment, or reimbursement will be waived. SDIL-LR 83.13(b). The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Attorney Information" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

George A. Krueger, #R01396
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61233

**Motions for Status and "to give notification and make request to the Court" (Docs. 50 and 76)**

Currently pending is a Motion for Status filed by Plaintiff, which is granted to the extent this Order provides a status update to Plaintiff. The Court will also enter a Scheduling Order for discovery on the merits of Plaintiff's claims. Plaintiff also wanted to notify the Court that the librarian at Shawnee Correctional Center was not providing him with full copies of Court documents, and requested that the Court order the librarian to do so. Plaintiff has since transferred facilities and

now that he has counsel, all documents filed with the Court will be served upon his attorney. In any event, the Court has no jurisdiction over non-parties, including the librarian at Plaintiff's former prison.

**IT IS SO ORDERED.**

**DATED:  February 20, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**